# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re**  **LUCKY'S MARKET PARENT COMPANY, LLC, et al.,**[1]  **Debtor.** ----------------------------------------------------------x | Chapter 11  Case No. 20-10166 (JTD)  (Jointly Administered) |
| **LAURA FORSYTH, on behalf of herself and on behalf of all others similarly situated,**  **Plaintiff,**  v.  **LUCKY'S MARKET PARENT COMPANY, LLC, LUCKY'S FARMERS MARKET HOLDING COMPANY, LLC; LUCKY'S MARKET OPERATING COMPANY, LLC; LFM STORES LLC,; LUCKY'S FARMERS MARKET, LP; LUCKY'S FARMERS MARKET RESOURCE CENTER, LLC;  LUCKY'S MARKET HOLDING COMPANY 2, LLC; LUCKY'S MARKET GP 2, LLC; LUCKY'S MARKET 2, LP; LUCKY'S MARKET OF LONGMONT, LLC; LUCKY'S FARMERS MARKET OF BILLINGS, LLC; LUCKY'S FARMERS MARKET OF COLUMBUS, LLC; LUCKY'S FARMERS MARKET OF ROCK HILL, LLC; LFM JACKSON, LLC; LUCKY'S FARMERS MARKET OF ANN ARBOR, LLC; LUCKY'S MARKET OF GAINESVILLE, LLC; LUCKY'S MARKET OF BLOOMINGTON, LLC; LUCKY'S MARKET OF PLANTATION, LLC; LUCKY'S MARKET OF SAVANNAH, GA, LLC; LUCKY'S MARKET OF TRAVERSE CITY, LLC;** | Adversary Proceeding  No._____  **CLASS ACTION ADVERSARY PROCEEDING COMPLAINT** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Lucky's Market Parent Company, LLC (2055), Lucky's Farmers Market Holding Company, LLC (5480), Lucky's Market Operating Company, LLC (7064), LFM Stores LLC (3114), Lucky's Farmers Market, LP (0828), Lucky's Farmers Market Resource Center, LLC (7711), Lucky's Market Holding Company 2, LLC (0607), Lucky's Market GP 2, LLC (9335), Lucky's Market 2, LP (8384), Lucky's Market of Longmont, LLC (9789), Lucky's Farmers Market of Billings, LLC (8088), Lucky's Farmers Markets of Columbus, LLC (3379), Lucky's Farmers Market of Rock Hill, LLC (3386), LFM Jackson, LLC (8300), Lucky's Farmers Market of Ann Arbor, LLC (4067), Lucky's Market of Gainesville, LLC (7877), Lucky's Market of Bloomington, LLC (3944), Lucky's Market of Plantation, LLC (4356), Lucky's Market of Savannah, GA, LLC (1097), Lucky's Market of Traverse, City, LLC (2033), Lucky's Market of Naples, FL, LLC (8700), and Sinoc, Inc. (0723).

**LUCKY'S MARKET OF NAPLES, FL, LLC AND SINOC, INC.**

**Defendants**.

-----------------------------------------------------------------------

## CLASS ACTION ADVERSARY PROCEEDING COMPLAINT

Laura Forsyth ("Plaintiff") by and through undersigned counsel, on behalf of herself and all other similarly situated persons, as and for their complaint against Lucky's Market Parent Company, LLC, Lucky's Farmers Market Holding Company, LLC, Lucky's Market Operating Company, LLC, LFM Stores LLC, Lucky's Farmers Market, LP, Lucky's Farmers Market Resource Center, LLC,  Lucky's Market Holding Company 2, LLC, Lucky's Market GP 2, LLC, Lucky's Market 2, LP, Lucky's Market of Longmont, LLC, Lucky's Farmers Market of Billings, LLC, Lucky's Farmers Market of Columbus, LLC, Lucky's Farmers Market of Rock Hill, LLC, LFM Jackson, LLC, Lucky's Farmers Market of Ann Arbor, LLC, Lucky's Market of Gainesville, LLC, Lucky's Market of Bloomington, LLC, Lucky's Market of Plantation, LLC, Lucky's Market of Savannah, GA, LLC, Lucky's Market of Traverse City, LLC, Lucky's Market of Naples, FL, LLC, Sinoc, Inc.  ("Defendants"), allege as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

### NATURE OF THE ACTION

3. This is a class action for the recovery by Plaintiff and other similarly situated employees of the Defendants of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiff' rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. ("WARN Act"). The Plaintiff and the other similarly situated employees are "aggrieved employees," as defined by the WARN Act, who are affected by the mass layoffs and/or plant closings at the Facilities ordered by Defendants on or about February 3, 2020 and thereafter (collectively, "the Class")  Pursuant to the WARN Act, the Defendants constituted a "single employer".  As such, the Defendants violated the WARN Act by failing to give the Plaintiff and other similarly situated employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Act.  As a consequence, the Plaintiff and other similarly situated employees of the Defendants are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid.

**PARTIES**

4. Upon information and belief, at all relevant times, Defendant Lucky's Market Parent Company, LLC is a Delaware corporation which is the parent company of the Debtors.

5. Upon information and belief, at all relevant times, Defendants Lucky's Farmers Market Holding Company, LLC, Lucky's Market Operating Company, LLC, LFM Stores LLC, Lucky's Farmers Market, LP, Lucky's Farmers Market Resource Center, LLC,  Lucky's Market Holding Company 2, LLC, Lucky's Market GP 2, LLC, Lucky's Market 2, LP, Lucky's Market of Longmont, LLC, Lucky's Farmers Market of Billings, LLC, Lucky's Farmers Market of

Columbus, LLC, Lucky's Farmers Market of Rock Hill, LLC, LFM Jackson, LLC, Lucky's Farmers Market of Ann Arbor, LLC, Lucky's Market of Gainesville, LLC, Lucky's Market of Bloomington, LLC, Lucky's Market of Plantation, LLC, Lucky's Market of Savannah, GA, LLC, Lucky's Market of Traverse City, LLC, Lucky's Market of Naples, FL, LLC and Sinoc, Inc. are wholly-owned or majority-owned direct or indirect subsidiary affiliates of Lucky's Market Parent Company, LLC.

6. Upon information and belief, at all relevant times, Defendants, as a single employer jointly maintained, owned, and operated facilities throughout the United States, including a facility located at 6765 22nd Ave N, St. Petersburg, FL 33710 (the "Facilities").

7. On or about February 3, 2020, Defendants, as a "single employer", ordered plant closings and/or mass layoffs at the Facilities without providing the sixty days advance written notice required by the WARN Act.

8. Plaintiff Laura Forsyth is an "aggrieved employee" of Defendants, pursuant to the WARN Act's "single employer" provision.

9. On or about January 27, 2020 Defendants filed with this Court a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

10. The Plaintiff and other similarly situated persons are "aggrieved employees" of Defendants as a result of the Defendants' failure to provide the legally required advance written notice of the mass layoffs and/or plant closings ordered by the Defendants as a single employer on or about February 3, 2020.

11. The Plaintiff brings this action on her own behalf and, pursuant to Rules 7023(a) and (b) of the Federal Rules of Bankruptcy, Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and the WARN Act, 29 U.S.C. § 2104(a)(5), on behalf of all other "aggrieved

employees" of the Defendants affected by the mass layoffs and/or plant closings at the Facilities ordered by Defendants on or February 3, 2020 and thereafter (collectively, "the Class").

12. Upon information and belief, Defendants constituted a "single employer" of the Plaintiff and the other Class members in that among other things:

(a) The Defendants shared common ownership;

(b) The Defendants shared common officers and directors;

(c) All of the Defendants exercised de facto control over the labor practices governing the Plaintiff and Class Members, including the decision to order the mass layoffs or plant closings at the Facilities;

(d) There was a unity of personnel policies emanating from a common source between Defendants; and

(e) There was a dependency of operations between Defendants.

## CLASS ACTION ALLEGATIONS 29 U.S.C. § 2104

13. The Plaintiff and each person she seeks to represent herein, were affected by the mass layoffs and/or plant closings at the Facilities ordered by Defendants on or February 3, 2020 and thereafter without cause on his or her part and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

14. The Plaintiff brings this action on her own behalf and, pursuant to the WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendants who were affected by the mass layoffs and/or plant closings at the Facilities ordered by Defendants on or February 3, 2020 and thereafter.

15. On or about February 3, 2020 and thereafter, Defendants ordered plant closings and/or mass layoffs affecting the Plaintiff's employment as part of a mass layoff and/or plant closing which qualifies as an event for which she was entitled to receive to sixty (60) days' advance written notice under the WARN Act.

16. Defendants as a single employer never gave Plaintiff the statutorily required sixty (60) days advance written notice of the mass layoff and/or plant closing in violation of the WARN Act.

17. At or about the time that the Defendants ordered plant closings and/or mass layoffs at the Facilities on or about February 3, 2020 and thereafter, Defendants ordered other plant closings and/or mass layoffs affecting approximately 1000 other employees at the Facilities (the "Other Similarly Situated Former Employees") without cause on their part.

18. Pursuant to WARN Act 29 U.S.C. § 2104(a)(5), the Plaintiff maintains this claim on behalf of each of the Other Similarly Situated Former Employees and for his or her benefit.

19. Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

20. The Defendants ordered plant closings and/or mass layoffs of the Plaintiff and the Other Similarly Situated Former Employees without cause on the part of the employees.

21. The Plaintiff and each of the Other Similarly Situated Former Employees are "affected employees" within the meaning of WARN Act 29 U.S.C. § 2101(a)(5).

22. Defendants were required by the WARN Act to give the Plaintiff and the Other Similarly Situated Former Employees at least sixty (60) days prior written notice before ordering plant closings and/or mass layoffs.

23. Prior to the Defendants ordering plant closings and/or mass layoffs, neither the Plaintiff nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

24. Defendants failed to pay the Plaintiff and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following the ordering of plant closings and/or mass layoffs and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of the ordering of plant closings and/or mass layoffs

**CLASS ACTION ALLEGATIONS RULE 7023 (a) and (b)**

25. The Plaintiff asserts this claim on behalf of herself and the Other Similarly Situated Former Employees pursuant to Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

26. The Plaintiff and the Other Similarly Situated Former Employees constitute a class within the meaning of Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure (The "Class").

27. Common questions of law and fact are applicable to all members of the Class.

28. The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendants committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act; all Class members were employees of Defendants who, prior to the ordering by Defendants of plant closings and/or mass layoffs, worked at or reported to the Facilities; Defendants as a single

employer ordered the plant closings and/or mass layoffs affecting the employment of all the members of the Class without cause on their part without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendants failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following the ordering by Defendants of plant closings and/or mass layoffs.

29. The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

30. The Plaintiff's claims are typical of the claims of other members of the Class in that for each of the several acts described above.

31. The Plaintiff will fairly and adequately protect and represent the interests of the Class.

32. The Plaintiff has the time and resources to prosecute this action and has retained counsel who have had extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

33. The Class is so numerous as to render joinder of all members impracticable as there are approximately 1000 persons who are included in the Class.

34. The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

35. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions

affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

36. No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

37. No litigation concerning the WARN Act rights of any Class member has been commenced.

38. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

39. On information and belief, the identities of the Class members are contained in the books and records of Defendants.

40. On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendants.

41. On information and belief, the rate of pay and benefits that were being paid by Defendants to each Class member at the time of Defendants' ordering the plant closings and/or mass layoffs are contained in the books and records of Defendants.

42. As a result of Defendants' violation of the WARN Act, the Plaintiff and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) days after the dates of the Defendants ordering plant closings and/or mass layoffs ; and (c)

medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

## THE CLAIM FOR RELIEF

43. At all relevant times, the Defendants employed 100 or more employees (exclusive of part-time employees, i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 60 day period prior to the date notice was required to be given (the "Part-Time Employees")), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

44. At all relevant times, each Defendant was an "employer," as that term is defined in the WARN Act and continued to operate as a business until it determined to order a mass layoff and/or plant closing at the Facilities.

45. On or about February 3, 2020 and thereafter the Defendants as a single employer ordered a "mass layoff" and/or "plant closing" at the Facilities, as that term is defined by the WARN Act.

46. The mass layoff and/or plant closing at the Facilities resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendant's employees as well as 33% of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by the WARN Act.

47. The Plaintiff and each of the other members of the Class were affected by the plant closings and/or mass layoffs ordered by the Defendants without cause on his or her part.

48. The Plaintiff and each of the other members of the Class are "affected employees" of the Defendants within the meaning of the WARN Act.

49. The Defendants were required by the WARN Act to give the Plaintiff and each of the other members of the Class at least 60 days advance written notice prior to ordering plant closings and/or mass layoffs at the Facilities.

50. The Defendants failed to give the Plaintiff and other members of the Class written notice that complied with the requirements of the WARN Act.

51. The Plaintiff and each of the other members of the Class are "aggrieved employees" of the Defendants as that term is defined in the WARN Act.

52. The Plaintiff and each of the other members of the Class are "aggrieved employees" of the Defendants as that term is defined in the WARN Act.

53. The Defendants failed to pay the Plaintiff and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of the ordering of plant closings and/or mass layoffs at the Facilities.

54. The relief sought in this proceeding is equitable in nature.

**WHEREFORE**, Plaintiff on her own behalf and on behalf of each of the other Class members demand judgment, jointly and severally, against Defendants as follows:

A. An allowed administrative priority claim pursuant to 11 U.S.C. § 503(b)(1)(A)(ii) against the Defendants in favor of the Plaintiffs and Class members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for a maximum of 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A) and which are attributable to the post-petition portion of the Plaintiffs' and Class's WARN Act claim, with any amounts attributable to any pre-petition portion of the Plaintiffs' and Class's WARN Act claims being entitled to wage priority status pursuant to 11 U.S.C. § 507(a)(4) and (5) up to $13,650, with any remainder as a general unsecured claim.

B. A judgment against Defendants in favor of the Plaintiff and the other Class members for the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for a maximum of 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A);

C. Certification that the Plaintiff and the other Class members constitute a single class;

D. Appointment of the undersigned attorneys as Class Counsel;

E. Appointment of Plaintiff as the Class Representative and payment of reasonable compensation to her for her services as such;

F. An allowed administrative priority claim against Defendants under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiff

incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6);

      G.    A judgment against Defendants for the reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

      H.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

February 3, 2020

> By: /s/ James E. Huggett
> MARGOLIS EDELSTEIN
> James E. Huggett (#3956)
> 300 Delaware Avenue
> Suite 800
> Wilmington, DE 19801
> Phone 302-888-1112
> Fax 302-888-1119
>
> LANKENAU & MILLER, LLP
> Stuart J. Miller (SJM 4276)
> 132 Nassau Street, Suite 1100
> New York, NY 10038
> P: (212) 581-5005
> F: (212) 581-2122
>
> THE GARDNER FIRM, P.C. Mary E. Olsen, Esq. (OLSEM4818) M. Vance McCrary (MCCRM4402) 182 St. Francis Street, Suite 103 Mobile, AL 36602
> Telephone: (251) 433-8100
> Facsimile: (251) 433-8181
> Email: molsen@thegardnerfirm.com;
> vmccrary@thegardnerfirm.com
>
> WENZEL FENTON CABASSA, P.A.
> Brandon Hill
> Luis A. Cabassa
> 110 North Florida Avenue Suite 300
> Tampa, FL 33602

                                        Main No.: 813-224-0431
Direct No.: 813-337-7992
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: lcabassa@wfclaw.com
Email: jcornell@wfclaw.com
Email: rcooke@wfclaw.com

*Attorneys for Plaintiff and the Proposed Class*